**Cecil Jeff ROBINSON, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16310.**

Court of Criminal Appeals of Oklahoma.

Oct. 18, 1971.

Miskovsky, Sullivan, & Miskovsky, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Jeff L. Hartmann, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Cecil Jeff Robinson, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County, Oklahoma, for the offense of Murder. His punishment was fixed at life imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Because of the ultimate conclusion reached, we do not deem it necessary to recite a detailed statement of facts. The evidence adduced that the defendant shot one Jackie Dale Victory in the presence of defendant's wife.

The defendant testified that he fired in self-defense. Defendant's wife was called as a witness. The prosecuting attorney stated in his closing argument as follows:

"Ladies and Gentlemen, there is before you only one version of what happened out there. There were three people involved. Sharon Robinson was there, this defendant was there, and Jackie Dale Victory. You have heard his version— Jackie Dale Victory isn't here to give his version. There is one other person,

Ladies and Gentlemen, that the defense could have subpoenaed to testify as to the facts in this case, to corroborate his version of it.

"MR. COOPER: Just a minute, Your Honor, we are going to object to this. Counsel says we could have subpoenaed her. He doesn't know whether we could have subpoenaed her or not.

"THE COURT: Overruled.

"MR. COOPER: And, that's not in evidence in the case and not proper comment.

"THE COURT: You are overruled, Mr. Cooper.

"MR. COOPER: I understand, but I want to make a record on it.

"THE COURT: Continue.

"MR. SWARTZ: (continuing) Why was she not here, Ladies and Gentlemen? The one other person who could have and would have had to come up here and take an oath just like these other witnesses did to tell the truth as to exactly what happened out there. I'll tell you why she wasn't here. Because had she been brought here and had she been put under oath, Ladies and Gentlemen—

"MR. COOPER: Wait a minute, Your Honor. We are going to object—there is no evidence in this record about this. He is arguing about something that has not drawn a conclusion from what the evidence has shown. He is off on a little frolic of his own.

"THE COURT: Overruled and exception allowed.

"MR. SWARTZ: (continuing) She would have had to come here, Ladies and Gentlemen, and tell you the truth and the truth, Ladies and Gentlemen, would have been exactly contrary to the story that this defendant has put you now. That's why she wasn't here."

We have previously held that where the wife of the accused in a criminal case might be a material witness in his behalf, and she is not placed upon the stand by him, nor her absence accounted for, failure to produce her as a witness to testify is legitimate matter for comment in the argument of the case. Hilyard v. State, 90 Okl.Cr. 435, 214 P.2d 953. We are of the opinion that the prosecuting attorney's closing statement far exceeded the permissible comment as to the wife's failure to testify. The prosecuting attorney attempted to tell the jury what the wife would have testified to had she been called to the stand. The State was thus permitted to accomplish indirectly what it could not do directly, to-wit: use the wife's testimony against her husband. The judgment and sentence is accordingly reversed and remanded for new trial.

NIX and BRETT, JJ., concur.